## BANK OF LEMOORE v. GULART et al.

### Sac. No. 460; November 18, 1898.

#### 54 Pac. 1111.

Guaranty.—B. Agreed in Writing With R. to Pay a Note of R. and G. out of the proceeds of sheep mortgaged to B. by G. B. telephoned the payee that he had agreed to pay the note, and asked for thirty days' extension, which was granted on consideration of his promise. He sold the sheep, and shortly after "guaranteed full payment," and asked for another extension, and subsequently paid some interest. The sheep were attached in an action against G., and, to secure the release, B. paid the attachment debt, after deducting which, and expenses, the proceeds of the sheep were insufficient to pay the note. Held, that B. had obligated himself unconditionally to pay the

note in full, and had not limited his liability to the proceeds remaining after all claims against the principal were satisfied.

Guaranty.—Where a Person Who Agreed to Pay Another's Note, which was payable to a bank, telephoned the cashier that he had agreed to pay it, and thereby secured an extension, the bank's acceptance of the new agreement is inferred.

Guaranty.—An Agreement of the Maker of a Note, Restricting the liability of one who had promised to pay it, is ineffectual, as against the payee, where it was made after the payee had accepted the promise.

APPEAL from Superior Court, Kings County.

Action by the Bank of Lemoore against Manuel S. Gulart and others. From a judgment for plaintiff, defendant Joe D. Biddle appeals. Affirmed.

H. L. Smith for appellant; M. J. Short for respondent.

BELCHER, C.—This is an action to recover the amount due on a promissory note for $600 executed by defendants Gulart and Rose to the plaintiff on November 22, 1892, payable six months after date, and bearing interest at the rate of one per cent per month. It is alleged in the complaint that on July 24, 1893, defendant Biddle signed and delivered to defendant Rose a written agreement whereby, for a good consideration expressed therein, he promised and agreed to pay to the plaintiff the said promissory note sued upon, out of the proceeds of a band of sheep that day mortgaged to him by defendant Gulart—the payment to be made in about thirty days, or as soon as the sheep should be sold; that on or about the same day plaintiff agreed to and did accept the promise made by Biddle to pay the said note, and that Rose performed all the conditions of the said agreement to be by him performed; and that the said sheep were delivered to Biddle, and had long since been sold by him, but he had not paid any part of the principal of the said note, or any of the interest due thereon, except the sum of $40, which was paid by him about February 3, 1894. Rose answered, admitting all the averments of the complaint, and alleging that shortly after the execution and delivery of the said agreement the plaintiff, for a good and sufficient consideration, promised to and did release and discharge him from all liability for or on account of the said note, or any part thereof. Biddle

answered, denying his liability upon the said agreement, because Rose and he had, subsequent to the execution thereof, entered into other agreements which took the place of the one sued upon, and which had been fully executed by him before the commencement of this action, and that, if liable to plaintiff for any sum, it was for $121.35 only, that being the amount of the proceeds of the sale of the sheep mentioned in the said agreement. The cause was tried by the court without a jury, and the court found, among other things, that all the allegations of the complaint were true, and all the allegations and denials of the said answers were untrue. Judgment was accordingly entered in favor of the plaintiff and against the defendants Rose and Biddle for the amount claimed in the complaint. From that judgment Biddle alone appeals, and the case is brought here on the judgment-roll and a bill of exceptions.

Appellant contends that the findings were not justified by the evidence, but we think they must be sustained. By the agreement of July 24, 1893, appellant promised unconditionally to pay the note in suit to the plaintiff out of the proceeds of a band of sheep, when they were sold; and on or about the same day he called up, by telephone, D. O. Carr, the cashier and secretary of the plaintiff bank, and told him that he had made an agreement by which he agreed to pay the note of Rose and Gulart (the note in suit), and that he would pay the interest up right away, and would like thirty days on the note. In answer, Carr told him that, in consideration of his saying he intended to pay the note, they would not press the matter for thirty days. And Carr testified: "What caused me to extend the time to pay the note was the fact that Joe D. Biddle agreed to pay it." Appellant sold the said sheep in September, 1893, for $1,875, and on December 16, 1893, he wrote to the Bank of Lemoore, saying: "Say, Friend Carr. . . . . Can't you let the note run, say, a little longer? Will send you the interest, and pay up at once. The note is strictly A1. Will guarantee full payment." And about February 3, 1894, he paid $40 on account of the interest due on the note.

It is claimed, however, that, if appellant is liable to the plaintiff to pay the note sued upon, the extent of his liability is the proceeds of the sale of the sheep, and that by the word "proceeds," as used in the agreement, was meant the net

sum remaining after all other claims against them should be satisfied; that, at the time the said agreement of July 24th was executed, the said sheep were the property of Gulart, and were held by the sheriff under a writ of attachment issued in an action commenced against him by one Dickey; that, to obtain possession of the sheep, appellant had to and did ⌐pay the claim of Dickey, amounting to about the sum of $1,300; and that the expense of keeping the sheep from the time he received them until the sale, and the expense of the sale, amounted to the sum of $454, leaving in his hands, as the net proceeds of the sheep, the sum of $121.35, for which sum only he could be held liable. The obvious answer to this position is that when appellant signed the agreement to pay the said note, and telephoned Carr that he had made an agreement by which he was to pay it, he knew of the attachment and the conditions under which the sheep were held, and yet placed no limitation or restriction upon his liability to pay the note in full; and that he did not then mean that the "proceeds" should be what might be left after paying off Dickey's attachment claim is quite conclusively shown by his letter of December 16th, by which he admits his liability to pay the note, and expressly guarantees full payment thereof. It therefore, we think, clearly appears from the evidence that appellant obligated himself unconditionally to pay to the plaintiff the full amount due on the said note; and the court having, in effect, so found, the findings cannot be disturbed on this ground.

Appellant also contends that there is no evidence to support the finding that the agreement of July 24, 1893, was accepted by plaintiff on or about its date. Carr testified that for nearly six years he had been the cashier and secretary of the plaintiff corporation, and that he extended the time to pay the said note at appellant's request, and because he had agreed to pay it. The cashier of a bank is an executive officer thereof, and is charged with large powers and duties in the management of its financial business, and "notice to the cashier of a bank relative to any matter falling within the scope of his official employment is notice to the bank": Boone, Banking, sec. 134. It appears, therefore, that Carr, as cashier, had notice of the said agreement, and acted upon it in granting the extension, and this notice must be held to be notice to the bank. Under these circumstances it should be as-

sumed, in the absence of any evidence to the contrary, that the bank knew of and approved the action of Carr in regard to the note, and also knew of and accepted the agreement.

Appellant further contends that the court erred in certain rulings upon the admission of evidence. When appellant was on the stand as a witness in his own behalf he testified that in August, 1893, the said sheep were held by the sheriff under attachment issued in the suit of Dickey v. Gulart, and that he released the attachment by paying Dickey's claim of about $1,300, and that at the time he paid the said claim he received the sheep from the sheriff, and thereafter kept them until sometime in September, when he sold them. He was then asked by his attorney: "What agreement, if any, did you have with Gulart and Rose in regard to the repayment of money which you paid to Dickey for the release of the sheep from the attachment?" Plaintiff objected to the question as irrelevant, incompetent and immaterial, and a variation of a written contract, and the objection was sustained. The attorney then said: "I offer to show by this witness that on August 22, 1893, the time he paid the $1,300 to release the sheep from the attachment in the case of Dickey v. Gulart, it was agreed between Rose and Gulart and this witness that if the witness, defendant Biddle, would pay the money to release them from the attachment in the case of Dickey v. Gulart, that when the sheep were sold he could retain out of the proceeds of the sale the amount of money which he paid for the release of the attachment, and that he could also retain out of the proceeds of the sale the amount of money which it cost to run the sheep, and the amount of money to cover the expense of the sale, and the balance of the proceeds were to be applied in satisfaction of the contract of July 24, 1893." Plaintiff objected also to this offered evidence, upon the ground that, if received, it would be irrelevant, incompetent and immaterial, and a variation of a written contract; and the objection was sustained. The rulings complained of were, in our opinion, proper, and should be sustained. Having entered into an agreement in July to pay the note to the plaintiff, and that agreement having been accepted and acted upon by the plaintiff, appellant could not in August, without the knowledge or consent of plaintiff, make any new agreement with Rose and Gulart whereby his liability to plaintiff would be limited, changed or modified in any respect. And

that appellant did not himself consider that he had to any extent been released from his obligation to the plaintiff to pay the note is shown by his letter of December 16th, in which he again guarantees the full payment of it. The record, in our opinion, discloses no valid ground for reversal, and we advise that the judgment be affirmed.

We concur: Chipman, C.; Britt, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment is affirmed.